JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY HILL, Plaintiff, v. AVIS BUDGET CAR RENTAL, LLC, et al., Defendants. | Case No. CV 14-1350 FMO (MANx) **ORDER REMANDING ACTION** |

On January 15, 2014, Amy Hill ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against defendants Avis Budget Car Rental, LLC, and Does 1 through 10 (collectively, "defendants"). On February 21, 2014, defendant Avis Budget Car Rental, LLC, filed a Notice of Removal of that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Notice of Removal ("NOR") at 1).

Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c);[1] Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if

[1] 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See id. ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Here, the court's review of the Notice of Removal, the attached state court complaint, and supporting documents, (see, generally, NOR; Declaration of Steven A. Groode in Support of Defendant's Notice of Removal of Civil Action to Federal Court, Exhs. A ("Complaint"), B, & C), make clear that this court has neither federal question nor diversity jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. §§ 1441(a);[2] Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

---

[2] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

First, there is no basis for federal question jurisdiction, as the state court complaint contains only state law causes of action for: (1) physical disability discrimination in violation of Cal. Gov't Code § 12940(a); (2) failure to provide reasonable accommodations in violation of Cal. Gov't Code § 12940(m); and (3) failure to engage in the mandatory interactive process in violation of Cal. Gov't Code § 12940(n). (See Complaint at ¶¶ 39-70). All of the claims are based on California law. (See, generally, id.). In short, the Complaint discloses no federal statutory or constitutional question. See Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429 (Removal pursuant to § 1331 "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."); Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724 (1914) (stating that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose").

Second, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint simply alleges damages "in an amount according to proof," rather than a specific amount. (See Complaint at 11). Defendant states that at the time of plaintiff's

---

[3] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

termination she was earning $1,858.08 bi-weekly. (See NOR at ¶ 23). Calculating from November 17, 2013, the last day plaintiff was physically able to work, defendant claims that as of the filing date of the Notice of Removal, plaintiff has incurred an approximate $10,065 in alleged loss of earnings. (See id.). Assuming a January 2015 trial date, defendant then extrapolates plaintiff's total loss of earnings through the time of trial to be $56,362, plus benefits. (See id.). Jurisdictional facts, however, are assessed on the basis of plaintiff's complaint at the time of removal, 28 U.S.C. § 1441; see Simmons v. PCR Tech., 209 F.Supp.2d 1029, 1032 (N.D. Cal. 2002), and the court declines to project future wage loss based on a hypothetical trial date.

Defendant further attempts to inflate the potential lost income recoverable by averring that should plaintiff recover front pay, she would likely recover at least 20 months of front pay, more than enough to meet the jurisdictional amount. (See NOR at ¶ 23). Defendant's cited cases, however, do not support its argument that plaintiff in the instant case would receive any front pay, see, e.g., Drzewiecki v. H&R Block, Inc., 24 Cal.App.3d 695, 705 (1972) (finding that where a permanent employment contract existed, "it was reasonably certain that [plaintiff] would have employment would have competently and profitably performed his managerial services for an additional 10 years after the contract was wrongfully terminated"); Rabago-Alvarez v. Dart Indus., Inc., 55 Cal.App.3d 91, 97 (1976) (allowing for front pay of four years where "Plaintiff was at all times insistent upon a contract of permanent employment, and she was extremely hesitant to leave her longterm employment . . . [but] agreed to do so only because defendant's representatives promised her permanent employment and assured her that she would not be discharged arbitrarily but only for good cause."), much less that any such payment would, with any degree of certainty, reach an amount over $75,000.

Defendant's reliance on plaintiff's demand for emotional distress damages, (see NOR at ¶¶ 24-26), is similarly unpersuasive. Even if emotional distress damages are potentially recoverable, plaintiff's Complaint does not allege any specific amount for her emotional distress claims, (see, generally, Complaint at 11), and it would therefore be speculative to include these

damages in the total amount in controversy.[4] See Davis v. Staples, Inc., 2014 WL 29117, *2 (C.D. Cal. 2014) ("[E]ven if emotional distress damages are potentially recoverable . . . [plaintiff's] Complaint does not expressly state that she is seeking emotional distress damages, and it would therefore also be speculative to include these damages in the total amount in controversy.") (internal quotations omitted).

Plaintiff also seeks an unspecified amount of punitive damages, (see Complaint at 11), which may be included in the amount in controversy calculation. See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met." Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J. Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009). Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000. Removing defendants may establish probable punitive damages by, for example, introducing evidence of jury verdicts in analogous cases." Burk, 348 F.Supp.2d at 1069.

Defendant claims that "Plaintiff's request for punitive damages alone puts in controversy between $25,000 and over $500,000" and that "[n]umerous court decisions . . . affirm that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged a claim for disability discrimination." (NOR at ¶ 28 & n. 2). None of defendant's cited cases, however, offer comparable factual scenarios nor any

---

[4] Additionally, defendant cites to Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), where the Ninth Circuit upheld a district court's determination that though plaintiff had not argued for a specific amount, a reward for emotional damages would add $25,000 to plaintiff's claim. In that case, however, defendants presented and "the district court properly considered plaintiff's interrogatory answers and emotional distress damage awards in similar age discrimination cases in Washington." Id. Defendant here has presented no such evidence nor analogous cases on which the court could base a determination that an award of $25,000 for emotional distress could be warranted in this case. (See, generally, NOR).

guidance that might inform a finding of punitive damages award in the instant case. (See, generally, ¶¶ 27-28 & n. 2). Accordingly, inclusion of punitive damages in the amount in controversy would be improper. See Burk, 348 F.Supp.2d at 1070 ("Here, Defendant not only failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount, it failed even to cite any such cases. . . . This is insufficient to establish that it is more likely than not that a potential punitive damage award will increase the amount in controversy above $75,000."); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action. . . Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.").

Finally, plaintiff's Complaint also includes a claim for attorney's fees. (See Complaint at 11). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Ore. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego v. Dow Chem. Co., 443 F.3d 676, 690

(9th Cir. 2006)). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL at *2;accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Here, defendant provides no evidence of the amount of attorney's fees that were incurred at the time of removal.[5] (See, generally, NOR). Defendant has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. See Valdez, 372 F.3d at 1117 ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, [defendant] should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation marks and citations omitted); see also Matheson, 319 F.3d at 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient."). Therefore, there is no basis for diversity jurisdiction. See 28 U.S.C. § 1332(a).

---

[5] Defendant cites to a number of cases for the proposition that attorney's fees awards in Federal Employment and Housing Act-based employment matters often exceed $75,000. (See NOR ¶ 30). Again, none is analogous. See, e.g., Flannery v. Prentice, 26 Cal.4th 572, 576 (2001) (where the California Supreme Court did not engage in an analysis of the propriety of the attorney's fees award but held that the attorney's fees award belonged to the plaintiff's attorney and not the plaintiff); Rivera v. Costco Wholesale Corp., 2008 WL 2740399, *4-*5 (N.D. Cal. 2008) (finding attorney's fees would be substantial and could be considered in the amount-in-controversy determination where defendant provided evidence of plaintiff's attorney's substantial hourly fee and evidence that plaintiff's attorney was based in Los Angeles and would likely sustain significant travel costs in travel to the Northern District).

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012.

2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 2nd day of April, 2014.

/s/
Fernando M. Olguin
United States District Judge